CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFREY ALLEN CARTER,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>SHERIFF WAYNE DAVIS, *et al.*,  )<br>    Defendants.  ) | Civil Action No. 7:24-cv-00511<br><br>By: Elizabeth K. Dillon<br>     Chief United States District Judge |

**MEMORANDUM OPINION**

Jeffrey Allen Carter, formerly an inmate at the Henry County Adult Detention Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) With leave of court, Carter has filed a second amended complaint. (Dkt. No. 55.) Before the court is a motion to dismiss filed by defendants Donald W. Davis, Brittany A. Hylton, Haley M.H. Compton, and Dajshon K.W. Pettie, collectively the HCADC Defendants. (Dkt. No. 56.) Carter has filed several responses to this motion. (Dkt. Nos. 61, 62, 65, 66.) The motion to dismiss filed by the HCADC Defendants will be granted.[1]

I.  BACKGROUND

**A. Procedural History**

Carter filed this action on August 7, 2024, and then was granted leave to file an amended complaint, which he filed on November 4, 2024. The court's order granting leave to file an amended complaint stated that plaintiff "must file a single document that should be titled as an amended complaint. Plaintiff's amended complaint must be a new pleading that *stands by itself without reference to a complaint, attachments, documents, or amendments already filed*." (Dkt. No. 27 (emphasis added).) The court also granted Carter leave to file a second amended

---

[1] Plaintiff has sued several additional defendants, and three additional motions to dismiss are pending. (Dkt. Nos. 94, 96, 123.) The court will address those motions in a separate opinion and order.

complaint, which he filed on February 13, 2025. The court's order granting leave to file a second amended complaint contained the same warning as the court's first order: plaintiff must file a single document that "stands by itself without reference to a complaint, attachments, documents, or amendments already filed." (Dkt. No. 54.) In violation of this order, plaintiff's second amended complaint attempts to incorporate the previous iterations of his complaint by reference. Carter's *pro se* status does not entitle him to disregard his duty to abide by court orders. *See Francis v. Com. of Va.*, 940 F.2d 652, 1991 WL 153657, at *2 (4th Cir. 1991); *Bailey v. Maruka*, Civil Action No. 1:21-00424, 2024 WL 4417390, at *2 (S.D.W. Va. Sept. 30, 2024) (explaining that "[p]ro se litigants do not enjoy unbridled license to disregard clearly communicated court orders and are not entitled to a general dispensation from the rules of procedure . . ."). To the extent that plaintiff has attempted to incorporate the allegations from his first two complaints into his second amended complaint, the allegations from his prior complaints will not be considered because they have been superseded by his second amended complaint. *See, e.g.*, *Head v. S.C. Dep't of Corr.*, C/A No. 9:20-4270-MBS-MHC, 2021 WL 12237739, at *1 (D.S.C. Aug. 26, 2021) (explaining that "a plaintiff may not amend a complaint in piecemeal fashion by merely submitting additional factual allegations" and an "amended complaint replaces the original complaint and should be complete in itself") (citing *Young v. City of Mount Ranieri*, 238 F.3d 567, 572 (4th Cir. 2001)).

**B. Plaintiff's Second Amended Complaint**

In his second amended complaint, Carter alleges that he is 6'1", 240 pounds, and that he told Deputy Pettie at intake, on an unspecified date, that he needs "EXXLG" pants. Instead, Carter was given "EXSM" pants. When Carter told Pettie that the pants showed his genitals, Pettie laughed and did nothing. Plaintiff's pants were not exchanged until a week later. Also,

2

Carter alleges that defendants Compton, Hylton, and Helms commented on the size of Carter's genitals. When Carter reported this to the lieutenants and sergeants on duty, they did nothing. Plaintiff requests damages for pain, suffering, and mental anguish. (Second Am. Compl.)

**C. Plaintiff's Responses**

In his responses to the motion to dismiss, Carter attempts to supplement the allegations in his second amended complaint, but he provides no arguments in response to the arguments advanced by the HCADC defendants. (Dkt. Nos. 61, 62, 65, 66.) For example, Carter states that he had to wear extra tight pants from July 13 to August 9, 2024, whereas in his second amended complaint, plaintiff does not specify any dates. (Dkt. Nos. 61, 62.)

II. ANALYSIS

**A. Motion to Dismiss**

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

3

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, Civil No. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**B. Eighth Amendment**

The Eighth Amendment[2] protects prisoners from inhumane conditions of confinement. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard, and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). Under the objective component, plaintiff must show that the challenged condition caused or constituted an extreme deprivation. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). An "extreme deprivation" requires that a plaintiff "must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from his exposure to the challenged conditions." *Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th

---

[2] While it is not clear from Carter's pleadings whether he was a pretrial detainee or a post-conviction inmate when he was confined at HCADC, defendants have provided Carter's commitment paperwork reflecting that he was convicted of assault and battery and sentenced to 12 months imprisonment, with 6 months suspended. (Dkt. No. 29-1.) Accordingly, plaintiff's claim is governed by the Eighth Amendment. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44 (1983). The court can take judicial notice of Carter's conviction record for purposes of deciding defendants' Rule 12(b)(6) motion. *See Morrison v. Hartford Ins. Co.*, No. 7:10-CV-210-FL, 2011 WL 2036706, at *1 n.3 (E.D.N.C. May 24, 2011) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)).

4

Cir. 2003). To satisfy the subjective component, a plaintiff must demonstrate a "deliberate indifference" to his health and safety. Plaintiff must establish that a defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Carter's claim that he was forced to wear small pants cannot satisfy the objective component because he does not allege any physical or emotional injury, much less one that was "serious or significant . . . resulting from the challenged conditions." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). In one of his responses, Carter stated that the pants caused a rash (Dkt. No. 62), but plaintiff cannot amend his complaint through briefing in response to the motion to dismiss. *See Rhoads v. Guilford Cnty., N.C.*, 751 F. Supp. 3d 590, 607 n.14 (M.D.N.C. 2024) (stating that it is "axiomatic . . . that a plaintiff may not amend his complaint in his response brief").[3]

Plaintiff has also alleged sexual harassment by Hylton and Compton, who allegedly made comments about the size of Carter's genitals. This does not rise to the level of an actionable Eighth Amendment claim. *See Cooper v. Wallens Ridge State Prison*, Case No. 7:23-cv-00722, 2025 WL 896462, at *3 (W.D. Va. Mar. 24, 2025) ("Without some allegation that the defendant's misconduct involved unwanted sexual touching—i.e., the intentional use of physical force—a complaint of sexual harassment (verbal or nonverbal) against a prison guard does not

---

[3] Plaintiff's rash would not be an objectively serious medical condition under the Eighth Amendment. *See Norwood v. Jividen*, Case No. 2:20-cv-00350, 2023 WL 2624176, at *9 (S.D.W. Va. Feb. 28, 2023) (conclusory allegation that plaintiff suffered from "painful skin rashes . . . fails to satisfy the objective prong of the deliberate indifference standard").

reach constitutional proportions.") (citing *Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016)).[4]

Finally, the court also notes that plaintiff's complaint contains no allegations pertaining to defendant Davis, which provides further justification for the dismissal of any potential claims against him. *See Holdaway v. S.W. Va. Reg'l Jail*, Civil Action No. 7:25-cv-00168, 2025 WL 1266964, at *2 (W.D. Va. May 1, 2025) (explaining that a "viable § 1983 claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights") (citing *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017)).

For these reasons, plaintiff's claims against the HCADC Defendants will be dismissed.

### III.  CONCLUSION

The court will issue an appropriate order granting the motion to dismiss filed by the HCADC Defendants.

Entered: September 8, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

---

[4] To the extent that plaintiff's use of the term sexual harassment could be construed as a reference to the Prison Rape Elimination Act, there is no private cause of action for such a claim. *See Bracy v. Tully*, 1:22cv827 (RDA/WEF), 2022 WL 3229325, at *2 (E.D. Va. Aug. 10, 2022).