CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 27, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JEFFREY ALLEN CARTER,          )
     Plaintiff,                )        Civil Action No. 7:24-cv-00511
                              )
v.                             )
                              )        By: Elizabeth K. Dillon
NURSE HELMS, *et al.*,          )            Chief United States District Judge
     Defendants.               )

**MEMORANDUM OPINION**

Jeffrey Allen Carter, formerly an inmate at the Henry County Adult Detention Center (HCADC), brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) With leave of court, Carter has filed a second amended complaint. (Dkt. No. 55.) Carter alleges sexual harassment by being forced to wear pants that are too small for him. (*See id.*)

On September 8, 2025, the court issued an order dismissing four defendants from this action (Haley M.H. Compton, Donald W. Davis, Brittany A. Hylton, and Dajshon K.W. Pettie) (the HCADC Defendants) because Carter failed to state an Eighth Amendment claim against them. (Dkt. Nos. 125, 126.) Seventeen defendants remain in this case.

Before the court are the following motions: (1) a motion to dismiss by defendant HCADC (Dkt. No. 94); (2) a motion to dismiss by thirteen defendants[1] collectively referred to as the HCADC Supervisory Defendants (Dkt. No. 96); (3) a motion to dismiss by defendant Fran Hobson[2] (Dkt. No. 114); (4) two motions to dismiss by defendants Nurse Helms and Dr. Taslimi (the Individual Wellpath Defendants) (Dkt. Nos. 118, 123); (5) a motion for medical records and for appointment of counsel by Carter (Dkt. No. 158); (6) a motion to amend the complaint by

---

[1] Twelve of these defendants are incorrectly named in the second amended complaint as detailed in the accompanying order of dismissal.

[2] Fran Hobson is incorrectly identified in the second amended complaint as Dr. Fran Hopson.

Carter (Dkt. No. 159); and (7) a motion for "protective custody" from Wayne Davis by Carter (Dkt. No. 160). Plaintiff filed brief responses to motions filed by defendants. (Dkt. Nos. 111, 147, 148, 153, 155, 156, 157.)

The first motion to dismiss filed by Nurse Helms and Dr. Taslimi requests dismissal for failure to state a claim. The second motion to dismiss filed by these defendants is based on the discharge of liability arising from chapter 11 bankruptcy proceedings involving their employer, Wellpath, LLC, in the Southern District of Texas. (*See* Dkt. Nos. 110, 123.) The court will grant this latter motion, and as a result, will deny the first motion to dismiss as moot. The motions to dismiss by HCADC, the HCADC Supervisory Defendants, and Fran Hobson will be granted. Finally, all of Carter's motions will be denied. Pursuant to these rulings, this matter will be dismissed in its entirety.

## I.  BACKGROUND

### A.  Procedural History

Carter filed this action on August 7, 2024, and then was granted leave to file an amended complaint, which he filed on November 4, 2024. The court's order granting leave to file an amended complaint stated that plaintiff "must file a single document that should be titled as an amended complaint. Plaintiff's amended complaint must be a new pleading that *stands by itself without reference to a complaint, attachments, documents, or amendments already filed.*" (Dkt. No. 27 (emphasis added).) The court also granted Carter leave to file a second amended complaint, which he filed on February 13, 2025. The court's order granting leave to file a second amended complaint contained the same warning as the court's first order: plaintiff must file a single document that "stands by itself without reference to a complaint, attachments, documents, or amendments already filed." (Dkt. No. 54.) In violation of this order, plaintiff's

second amended complaint attempts to incorporate the previous iterations of his complaint by reference. Carter's *pro se* status does not entitle him to disregard his duty to abide by court orders. *See Francis v. Com. of Va.*, 940 F.2d 652, 1991 WL 153657, at *2 (4th Cir. 1991); *Bailey v. Maruka*, Civil Action No. 1:21-00424, 2024 WL 4417390, at *2 (S.D.W. Va. Sept. 30, 2024) (explaining that "[p]ro se litigants do not enjoy unbridled license to disregard clearly communicated court orders and are not entitled to a general dispensation from the rules of procedure . . ."). To the extent that plaintiff has attempted to incorporate the allegations from his first two complaints into his second amended complaint, the allegations from his prior complaints will not be considered because they have been superseded by his second amended complaint. *See, e.g.*, *Head v. S.C. Dep't of Corr.*, C/A No. 9:20-4270-MBS-MHC, 2021 WL 12237739, at *1 (D.S.C. Aug. 26, 2021) (explaining that "a plaintiff may not amend a complaint in piecemeal fashion by merely submitting additional factual allegations" and an "amended complaint replaces the original complaint and should be complete in itself") (citing *Young v. City of Mount Ranieri*, 238 F.3d 567, 572 (4th Cir. 2001)).

**B. Plaintiff's Second Amended Complaint**

In his second amended complaint, Carter alleges that he is 6'1", 240 pounds, and that he told Deputy Pettie at intake, on an unspecified date, that he needs "EXXLG" pants. Instead, Carter was given "EXSM" pants. When Carter told Pettie that the pants showed his genitals, Pettie laughed and did nothing. Plaintiff's pants were not exchanged until a week later. Also, Carter alleges that defendants Compton, Hylton, and Helms commented on the size of Carter's genitals. When Carter reported this to the lieutenants and sergeants on duty, they did nothing. Plaintiff requests damages for pain, suffering, and mental anguish. (Second Am. Compl.)

As noted, the court has already addressed Carter's claims when granting a motion to dismiss filed by the HCADC Defendants.  The court found that "Carter's claim that that he was forced to wear small pants cannot satisfy the objective component" of an Eighth Amendment claim "because he does not allege any physical or emotional injury, much less one that was 'serious or significant . . . resulting from the challenged conditions.'"  (Dkt. No. 125 at 5 (citing *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).)  The court also held that alleged sexual harassment by Hylton and Compton for making comments about the size of Carter's genitals does not rise to the level of an actionable Eighth Amendment claim.  (*Id.*)

## C.  Plaintiff's Responses

Plaintiff filed a response to the motions filed by HCADC and the HCADC Supervisory Defendants which states: "(1) Thank you for all your hard work. (2) I disagree with all the defendants statements."  (Dkt. No. 111.)  He later filed a response to all of the pending motions stating that he has "proved my case not to dismiss on Nurse Helms, Dr. Taslimi, Dr. Hopson; Medical Provider and Food Supervisory.  I also disagree with Brian J. Brydes [sic] on HCADC Supervisory Defendants."  (Dkt. No. 147.)  Carter also filed a letter from Attorney Brydges with a handwritten note from Carter stating, "We the People want (4) four Billion Now!!!"  (Dkt. No. 148.)  In addition, Carter filed a response indicating that the Henry County Sheriff had "something to do with my car crash," but "I cannot prove it."  (Dkt. No. 153.)  Carter also states that Hopson "acted with deliberate indifference . . . knew I was diagnosed by a physician and required treatment"; Taslimi and Helms "were also told but denied help to me . . . ."  (Dkt No. 155.)

## D.  Wellpath Bankruptcy Proceedings

4

On February 7, 2025, the court granted a motion to stay by Nurse Helms due to bankruptcy proceedings filed by her employer, Wellpath, LLC, in the United States Bankruptcy Court for the Southern District of Texas, Case No. 24-90533(ARP).  (Dkt. No. 54.)  Upon being served, Dr. Taslimi filed a suggestion of bankruptcy asking the court to apply the same stay to the claims against him.  (Dkt. No. 107.)  On May 22, 2025, Helms and Taslimi provided notice that the stay had been lifted.  (Dkt. No. 110.)

## II.  ANALYSIS

### A.  Motion to Dismiss Standards

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  A plaintiff must "plausibly suggest an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, a *pro se* complaint must still meet the "minimum threshold

of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, Civil No. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

### B. HCADC Motion to Dismiss

Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another. 42 U.S.C. § 1983. A jail, such as the HCADC, is a building, not a person, and is not a proper defendant to a § 1983 suit. *Brown v. S.W. Va. Reg'l Jail*, Civil Action No. 7:24cv00461, 2025 WL 3725217, at *2 (W.D. Va. Dec. 23, 2025) (citing *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893–94 (E.D. Va. 1992)). Accordingly, the court will grant HCADC's motion to dismiss.

### C. HCADC Supervisory Defendants' Motion to Dismiss

Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Thus, a § 1983 plaintiff must "plausibly allege the personal involvement of a defendant." *Moore v. Barnes*, No. 2:23-CV-56-D, 2025 WL 2841495, at *31 (E.D.N.C. Sept. 30, 2025) (citing *Iqbal*, 556 U.S. at 676–77; *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985)).

The second amended complaint does not allege any specific conduct by the HCADC Supervisory Defendants that violated Carter's constitutional rights. Simply naming these defendants in the caption of the complaint is insufficient to state a claim that they personally violated plaintiff's constitutional rights. *See Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023) (affirming dismissal of a complaint for failure to state a claim where the plaintiff made

"only collective allegations against all 'Defendants,' without identifying how each individual Defendant personally interacted with [Plaintiff] or was responsible for the denial of his Eighth Amendment rights").

Neither does Carter plausibly allege a claim for supervisory liability against these defendants.  To prevail on such a claim, plaintiff must show that the supervisor had actual or constructive knowledge of a constitutional violation, that the supervisor's response was inadequate, and there was a causal link between the supervisor's inaction and the constitutional injury.  *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014).  The court has already held that Carter did not state any actionable claims for violation of the Eighth Amendment.  (Dkt. Nos. 125, 126.)  There can be no supervisory liability without an underlying constitutional violation.  "A supervisory liability claim is intimately linked to and derivative of the underlying constitutional violation of a subordinate employee.  In the absence of unconstitutional conduct by a subordinate, there can be no supervisory liability claim."  *Doe v. Rosa*, Civil Action No. 2:14-4396-RMG, 2016 WL 7496162, at *4 (D.S.C. Feb. 8, 2016) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991)).

For these reasons, the court will grant this motion to dismiss.

**D.  Motion to Dismiss by Nurse Practitioner Fran Hobson**

The second amended complaint contains no allegations pertaining to defendant Hobson. As there is no plausible allegation of Hobson's personal involvement in any alleged violation, Hobson's motion will be granted.

7

**E.  Motion to Dismiss by Nurse Helms and Dr. Taslimi Pursuant to Bankruptcy Discharge**

On May 1, 2025, the Bankruptcy Court for the Southern District of Texas entered an order confirming Wellpath's Chapter 11 Plan of Reorganization.  (Case No. 24-90533, Dkt. No. 2552-1.)  The court also issued various other orders, including an Extension Order and a Stay Order.  (*See id.*, Dkt. Nos. 2599, 2907.)  Pursuant to these orders, the automatic stay applicable to Wellpath debtors was lifted and Wellpath was discharged from liability for claims against it.  Moreover, the Plan releases all claims against non-debtor defendants, such as Nurse Helms and Dr. Taslimi, and plaintiff did not opt out of the third-party release.  (*See id.*, Dkt. No. 2552-1, IX.D; Dkt. No. 2680 ("**PLEASE TAKE FURTHER NOTICE** that, substantially contemporaneously herewith, pursuant to paragraph 43 of the Confirmation Order, Reorganized Wellpath Filed and served a notice providing that each Holder of a Claim that is or was an incarcerated individual has until **11:59 p.m. (prevailing Central Time) on July 30, 2025** (*i.e.*, 90 days after the Confirmation Date) to opt out from the Third-Party Release set forth in Article IX.D of the Plan.").)

For these reasons, the court will grant the motion to dismiss by Nurse Helms and Dr. Taslimi.

**F.  Plaintiff's Motions**

Plaintiff has filed a motion to appoint counsel.  The Fourth Circuit has stated that counsel in a civil case should be appointed only in exceptional circumstances, which "will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it."  *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993).  The court must therefore assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill

required to do so and the plaintiff's individual abilities. *Jenkins v. Woodard*, 109 F.4th 242, 248 (4th Cir. 2024). The court finds that there are no exceptional circumstances which justify appointment of counsel due to Carter's failure to state any actionable claims for relief.

Carter also filed a motion requesting medical records. Such information is not relevant to plaintiff's pleadings, which fail to state any claims, so this motion will also be denied.

In another motion, Carter asks for "protective custody" from Sheriff Wayne Davis, and requests that Davis be "reinstated" to this lawsuit. (Dkt. Nos. 159, 160.) Carter's request to add Davis as a defendant to this case will be denied as another attempt to amend his complaint in a piecemeal fashion. To the extent that his request for "protective custody" from Sheriff Davis is a request for injunctive relief from this court, the motion will be denied because Davis is not a party to this lawsuit. *See Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

### III.  CONCLUSION

The court will issue an appropriate order granting the pending motions to dismiss except for the motion to dismiss for failure to state a claim by Nurse Helms and Dr. Taslimi, which will be dismissed without prejudice as moot. Carter's motions will be denied.

Entered: March 27, 2026.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
Chief United States District Judge

9